**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>v.<br><br>FULLSTORY, INC.,<br><br>      Defendant. | Case No. 2:22-cv-01246-RJC |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE TO
CONDUCT DISCOVERY LIMITED TO THE ISSUE OF PERSONAL JURISDICTION**

Plaintiff Kenneth Hasson ("Plaintiff") submits this Memorandum of Law in Support of his Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction and respectfully requests that the Court order limited jurisdictional discovery, in the alternative to denying Defendant FullStory, Inc.'s ("Defendant" or "FullStory") personal jurisdiction argument contained in its Motion to Dismiss Plaintiff's Amended Complaint (ECF No. 27). The proposed discovery will enable Plaintiff to show that the Court has personal jurisdiction over his claims asserted against FullStory.

In its Motion to Dismiss, FullStory seeks dismissal of Plaintiff's First Amended Complaint on the grounds that Plaintiff failed to state claims for a violation of the Wiretapping and Electronic Surveillance Control Act ("WESCA"), 18 Pa. C.S.A. § 5701, *et seq.* and the common law tort of intrusion upon seclusion, and that the Court lacks personal jurisdiction over FullStory. As summarized below, and further detailed in Plaintiff's Opposition to Defendant's Motion to Dismiss (ECF No. 33), Plaintiff's well-pleaded allegations contradict FullStory's position. Plaintiff has alleged that FullStory intentionally wiretapped the electronic communications of citizens of

Pennsylvania and targeted its services at Pennsylvania companies and national websites doing business in Pennsylvania, thereby subjecting it to the personal jurisdiction of this Court. To the extent that the Court deems the specific allegations about these activities to be insufficient to establish personal jurisdiction over FullStory, Plaintiff should be given an opportunity to conduct jurisdictional discovery to obtain additional information and evidentiary support to demonstrate FullStory's contacts with the Commonwealth of Pennsylvania.

## BACKGROUND

FullStory is a Delaware corporation with a principal place of business in Atlanta, Georgia. FAC[1] ¶ 6. Plaintiff is a citizen of the Commonwealth of Pennsylvania. FAC ¶ 5. Plaintiff alleges that this Court has personal jurisdiction over FullStory because, *inter alia*, Defendant intentionally wiretapped the electronic communications of Pennsylvania citizens using a snippet of JavaScript computer code (the "FullStory Script") embedded on various websites of its clients, including Mattress Firm, thereby knowingly directing its tortious conduct towards the citizens of Pennsylvania. FAC ¶¶ 1, 8, 40, 58. Specifically, Plaintiff alleges that "FullStory contracts to provide its software to Pennsylvania companies and websites" and "targeted its services to Pennsylvania companies who maintain a website in Pennsylvania, as well as national websites that do business in Pennsylvania" and "knew that its practices would directly result in collection of information from Pennsylvania citizens while those citizens browse[d] websites in Pennsylvania." FAC ¶¶ 8, 40. Thus, as a result of FullStory's intentional conduct, FullStory availed itself to the business opportunity of collecting "real-time data from website visitor sessions initiated by

---

[1] Citations to "FAC" or "Complaint" are citations to Plaintiff's First Amended Complaint. ECF No. 23.

Pennsylvanians" and therefore Plaintiff's "claims and harm" alleged in the Complaint arise from those activities. FAC ¶ 8, 58.

## LEGAL STANDARD

"A court has discretion to allow discovery when considering a motion to dismiss for lack of personal jurisdiction." *In re Diisocyanates Antitrust Litig.*, No. 18-1001, 2020 WL 1140245, at *7 (W.D. Pa. Mar. 9, 2020). "Parties are entitled to a fair opportunity to engage in jurisdictional discovery to obtain facts necessary for thorough consideration of the [jurisdictional] issue." *Id.* (quoting *Streamlight, Inc. v. ADT Tools, Inc.*, No. 03-1481, 2003 WL 22594316, at *1 (E.D. Pa. Oct. 9, 2003)). "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc., v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations and quotations omitted). "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, . . . courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *Id.* (internal citations and quotations omitted).

## ARGUMENT

To the extent this Court finds Plaintiff's current allegations insufficient, this Court should permit Plaintiff to conduct jurisdictional discovery in order to allow Plaintiff to supplement his jurisdictional allegations. In support of its Motion to Dismiss, FullStory argues that Plaintiff has failed to establish the third prong of the *Calder*[2] effects test because he has not "'point[ed] to specific activity indicating that' FullStory's service for Mattress Firm is 'expressly aimed' at Pennsylvania." ECF No. 28 at p. 6. But Plaintiff's well-pleaded jurisdictional allegations

_____

[2] *Calder v. Jones*, 465 U.S. 783 (1984).

contradict FullStory's assertions. Plaintiff alleges that FullStory expressly aimed its tortious conduct at individuals located within the Commonwealth of Pennsylvania because Defendant: (1) intentionally contracts with Pennsylvania companies and other companies that do business in Pennsylvania; (2) collects geolocations of website visitors and has the ability to view and sort visitors by state, including Pennsylvania; and (3) intentionally implemented software that it knew would gather website communications of citizens of Pennsylvania, while they were located in Pennsylvania. FAC ¶¶ 8, 40, 58.

Plaintiff therefore seeks leave to propound limited, targeted discovery seeking information directly relevant to FullStory's assertion that this Court lacks personal jurisdiction over Defendant because it did not "expressly aim" its alleged tortious conduct at the citizens of Pennsylvania. More specifically, Plaintiff requests discovery in the form of narrowly tailored interrogatories, document requests, and depositions to determine the following: (1) the nature and number of Pennsylvania companies with which FullStory contracts to provide the FullStory Script; (2) the location where such contracts were executed; (3) FullStory's knowledge of significant use of the FullStory Script on websites that operate in Pennsylvania; (4) FullStory's receipt and knowledge of intercepted communications emanating from Pennsylvania; (5) whether FullStory sought out a market in Pennsylvania to provide its FullStory Script; and (6) whether FullStory advertised its FullStory Script to companies running websites in Pennsylvania. Notably, this is the very jurisdictional information that Plaintiff alleges in this Complaint and that other courts have suggested would be helpful in determining whether a Court has personal jurisdiction over a software provider such as FullStory. *See Sacco v. Mouseflow, Inc.*, No. 220CV02330TLNKJN, 2022 WL 4663361 (E.D. Cal. Sept. 30, 2022) (explaining that the defendant's awareness of significant use of its software in the forum, that it engaged with companies in the forum, or otherwise directed its software at companies

running websites popular in the forum would have been relevant to its jurisdictional analysis); *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503, 513 (C.D. Cal. 2021) (finding whether "FullStory ha[d] any other suit-related contacts to this forum other than the fact that Plaintiff happened to be in California when he visited Nike's website" would have been relevant to the court's jurisdictional analysis).[3]

Here, if the Court declines to deny FullStory's motion to dismiss outright, Plaintiff's proposed discovery should be permitted before the Court considers dismissing FullStory, because Plaintiff's allegations suggest "with reasonable particularity" that this Court has personal jurisdiction over FullStory. Thus, to the extent this Court finds jurisdiction lacking based on the current pleadings, discovery is necessary because "[a] Rule 12(b)(2) motion . . . is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies." *Murphy v. Eisai, Inc.*, 503 F. Supp. 3d 207, 213 (D.N.J. 2020) (quoting *Miller Yacht Sales, Inc. v. Smith*, 384 F.3d 93, 101 (3d Cir. 2004)). Plaintiff's proposed discovery is therefore appropriate, suggested for good faith reasons, and is limited to establishing the Court's jurisdiction over this dispute.

---

[3] In light of FullStory's challenge to personal jurisdiction, Plaintiff's counsel has twice informed counsel for Defendant that Plaintiff believed jurisdictional discovery was appropriate. First, on November 8, 2022, Plaintiff's counsel suggested in an email to Defendant's counsel that the parties should build time into the proposed briefing schedule to permit jurisdictional discovery. Defendant's counsel responded and indicated that Defendant opposed this suggestion and believed Plaintiff's allegations did not suffice to trigger a right to jurisdictional discovery. Second, on February 13, 2023, Plaintiff's counsel informed Defendant's counsel that this motion would be forthcoming and sought Defendant's position. After a telephone conference, Defendant's counsel indicated it would oppose this motion.

**CONCLUSION**

For the reasons discussed above, as an alternative to denying FullStory's personal jurisdiction argument in its Motion to Dismiss, Plaintiff respectfully requests that this Court grant leave for Plaintiff to conduct limited discovery into FullStory's contacts with Pennsylvania.

Dated: February 13, 2023                    Respectfully submitted,

                                            _/s/ Jamisen A. Etzel_
                                            Gary F. Lynch
                                            Kelly K. Iverson
                                            Jamisen A. Etzel
                                            Elizabeth Pollock-Avery
                                            Nicholas A. Colella
                                            Patrick D. Donathen
                                            **LYNCH CARPENTER, LLP**
                                            1133 Penn Avenue, 5th Floor
                                            Pittsburgh, Pennsylvania 15222
                                            Telephone: 412-322-9243
                                            Facsimile: 412-231-0246
                                            gary@lcllp.com
                                            kelly@lcllp.com
                                            jamisen@lcllp.com
                                            elizabeth@lcllp.com
                                            nickc@lcllp.com
                                            patrick@lcllp.com

                                            _Attorneys for Plaintiff_