IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated,<br><br>      Plaintiff,<br><br>    v.<br><br>FULLSTORY, INC.,<br><br>      Defendant. | 2:22-cv-1246<br><br>Judge Marilyn J. Horan |

### MEMORANDUM OPINION

Presently before the Court is Defendant FullStory, Inc.'s Motion for Judicial Notice. (ECF No. 29). FullStory filed its Motion for Judicial Notice on January 23, 2023, the same day it filed its Motion to Dismiss Plaintiff Kenneth Hasson's Amended Complaint for Lack of Jurisdiction and Failure to State a Claim. (ECF Nos. 27 & 29). Mr. Hasson filed a Response in Opposition, (ECF No. 30), and FullStory filed a Reply brief. (ECF No. 31). FullStory's Motion for Judicial Notice is now ripe for decision. For the following reasons, FullStory's Motion for Judicial Notice is granted as to Exhibit 5, but denied as moot as to Exhibits 1-4.

  I.  **Relevant Legal Standards**

Generally, "[i]n deciding a Rule 12(b)(6) motion, a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Aubrey v. City of Bethlehem, Fire Dep't*, 466 F. App'x 88, 91 (3d Cir. 2012). If other matters are considered, then the motion must be treated as one for summary judgment, providing for additional protections for plaintiff. Fed. R. Civ. P. 12(b)(d). In deciding motions to dismiss, courts may consider "matters incorporated by reference or integral to the claim [and] items subject to judicial notice." *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

1

Additionally, a document integral to or explicitly relied upon in the complaint may be considered without converting the motion to dismiss into one for summary judgment. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).

The judicial notice rule allows the court to "take judicial notice of public records." *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000). Federal Rule of Evidence 201(b) states: "The Court may judicially notice a fact that is not subject to reasonable dispute because it: (1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Federal Rule of Evidence 201(c)(2) further explains that a court "must take judicial notice if a party requests it and the court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). Upon judicial notice, the document "may only be considered for the limited purpose of showing that a particular statement was made by a particular person" and not "for the truth of the matters purportedly contained within those documents." *Oran*, 226 F.2d at 289 (citations omitted). For a document to be subject to judicial notice, it must not be "reasonably subject to dispute." *Victaulic Co. v. Tieman*, 499 F.3d 227, 236 (3d Cir. 2007). "Concerns regarding the authenticity or completeness of a document are the types of concerns that render a document reasonably subject to dispute." *Ryanair DAC v. Booking Holdings, Inc.*, 2022 WL 13946243, at *3 (D. Del. Oct. 24, 2022).

II. **Discussion**

A. **Texas Secretary of State Public Record**

FullStory argues that the Court should take judicial notice of a public record from the Texas Secretary of State's website, stating that Mattress Firm is incorporated in Texas and has its principal place of business in Texas. (ECF No. 29, at 4). Mr. Hasson argues that the Court

2

should decline to take judicial notice of the Texas Secretary of State's website, as Mattress Firm's state of incorporation and principal place of business are irrelevant to the Court's personal jurisdiction analysis of FullStory's Motion to Dismiss.  (ECF No. 30, at 5-6).

Mattress Firm's state of incorporation and principal place of business are directly relevant to the Court's inquiry into whether it has personal jurisdiction over FullStory in this case. FullStory provides software services to Mattress Firm.  (ECF No. 23, ¶ 69).  FullStory is a Georgia company.  (ECF No. 23, ¶ 6).  And, as per Exhibit 5 of FullStory's Motion for Judicial Notice, Mattress Firm is a Texas corporation.  (ECF No. 29-5, at 2).

FullStory's software code is embedded on the Mattress Firm website to learn about how visitors use Mattress Firm's website.  (ECF No. 23, ¶¶ 42, 69).  Mattress Firm uses FullStory's session replay feature that provides a reproduction of a user's online experience to understand how visitors interact with Mattress Firm's website.  (ECF No. 23, ¶ 41).

Mr. Hasson is a Pennsylvania resident who visited Mattress Firm's website from his home computer in Pennsylvania.  (ECF No. 23, ¶ 67).  Mr. Hasson alleges that FullStory script intercepted his movements on Mattress Firm's website, including clicks, URLs of web pages visited, keystrokes, and personal data, i.e. his name, address, email address, and payment information, that he allegedly entered at the Mattress Firm website.  (ECF No. 23, ¶¶ 1, 71, 76, 79).

Under the facts of this case, Mattress Firm's state of incorporation and principal place of business are directly relevant to the Court's personal jurisdiction inquiry.  Thus, FullStory's motion for judicial notice as to the Texas Secretary of State's website, concerning Mattress Firm's state of incorporation and principal place of business, is granted.

### B. Mattress Firm's Pop-Up Consent Banners & Privacy Policies

FullStory argues that the Court should consider Mattress Firm's pop-up consent banners and privacy policies, (Exhibits 1-4), in deciding its Motion to Dismiss, as these documents are explicitly referenced in the Amended Complaint. (ECF No. 29, at 2). Mr. Hasson argues that the Court should decline to consider Exhibits 1-4 in deciding FullStory's Motion to Dismiss as the documents cannot be properly authenticated as being representative of what Mr. Hasson saw when he was browsing the Mattress Firm website. (ECF No. 30, at 3). As this matter is being resolved on a jurisdictional basis, ruling on FullStory's Motion for Judicial Notice as to Mattress Firm's pop-up consent banners and privacy policies is not necessary.

### C. FullStory's Webpage

Although FullStory initially requested the Court to take judicial notice of the Mattress Firm webpage in its Motion for Judicial Notice, it has withdrawn its request. (ECF No. 31, at 3 n.1). As such, the Court will take no action upon FullStory's withdrawn Motion for Judicial Notice of FullStory's webpage.

### III. Conclusion

FullStory's Motion for Judicial Notice is granted as to Exhibit 5 but denied as moot as to Mattress Firm's pop-up consent banners and privacy policies.

DATE: July 25, 2023

Marilyn J. Horan
United States District Judge