## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KENNETH HASSON, individually and on behalf of all others similarly situated, | ) ) ) | |
| Plaintiff, | ) | 2:22-cv-1246 |
| | ) | |
| v. | ) | Judge Marilyn J. Horan |
| | ) | |
| FULLSTORY, INC., | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION

Plaintiff, Kenneth Hasson brings a two count Amended Complaint against Defendant FullStory, Inc., alleging violations of the Pennsylvania Wiretap Act and a Pennsylvania state law intrusion upon seclusion claim.  (ECF No. 23).  Presently before the Court is FullStory's Motion to Dismiss Mr. Hasson's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(2) and 12(b)(6).  (ECF No. 27).  Mr. Hasson filed his Response, (ECF No. 34), and FullStory filed its Reply.  (ECF No. 39).  For the reasons stated herein, FullStory's Motion to Dismiss pursuant to Rule 12(b)(2) will be granted, and FullStory's Motion to Dismiss pursuant to Rule 12(b)(6) will be denied as moot.

Also before the Court is Mr. Hasson's Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction and accompanying brief.  (ECF Nos. 32-33).  FullStory filed a Response, (ECF No. 38), and Mr. Hasson filed a Reply.  (ECF No. 39).  The matter is now ripe for decision.  For the following reasons, Mr. Hasson's Motion for Leave to Conduct Discovery to the Issue of Personal Jurisdiction will be denied.

### I.    Statement of Facts

FullStory provides software services to Mattress Firm.  (ECF No. 23, ¶ 69).  FullStory is a Georgia company, (ECF No. 23, ¶ 6), and Mattress Firm is a Texas company.  (ECF Nos. 29-5,

1

at 2; 45, at 3).[1]  Mr. Hasson is a Pennsylvania resident who visited Mattress Firm's website from his home computer in Pennsylvania.  (ECF No. 23, ¶ 67).  FullStory's software code, to learn about how visitors use the Mattress Firm website, is embedded on Mattress Firm's website. (ECF No. 23, ¶¶ 42, 69).  FullStory's session replay feature, which provides a reproduction of a user's online experience, is used by Mattress Firm to understand how visitors interact with its website.  (ECF No. 23, ¶ 41).

Mr. Hasson alleges that FullStory script intercepted his movements on Mattress Firm's website, including clicks, URLs of web pages visited, keystrokes, and personal data, i.e. his name, address, email address, and payment information, that he allegedly entered at the Mattress Firm website.  (ECF No. 23, ¶¶ 1, 71, 76, 79).

## II.      Motion to Dismiss for Lack of Personal Jurisdiction

The plaintiff bears the burden of establishing personal jurisdiction.  *Danziger v. De Llano, LLP v. Morgan Verkamp LLC*, 948 F.3d 124, 129 (3d Cir. 2020).  Where the Court is sitting in diversity, the Court applies the law of the forum state, which, in this case, is Pennsylvania.  *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009). Pennsylvania's long-arm statute extends to the limit of federal due process.  42 Pa. C.S.A § 5322(b).  Accordingly, in order to demonstrate personal jurisdiction, the plaintiff must show that: (1) the defendant has constitutionally sufficient "minimum contacts" with the forum, and (2) the exercise of jurisdiction would comport with "traditional notions of fair play and substantial justice."  *IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 259-60 (3d Cir. 1998).

---

[1] As discussed in this Court's July 25, 2023 Opinion and Order, (ECF No. 45), the Court takes judicial notice of Mattress Firm's state of incorporation and principal place of business for the purposes of the present Motions to Dismiss.

As both parties agree that general jurisdiction does not apply in this case, the only basis to confer jurisdiction over FullStory is specific jurisdiction. (ECF Nos. 28, at 11; 34 at 9). In the context of specific jurisdiction, the "minimum contacts" determination is analyzed differently depending on the type of claim asserted. *See Maser v. Deeble*, 2017 WL 930795, at *4 (W.D. Pa. Mar. 9, 2017). The three-part "effects" test, as set forth in *Calder v. Jones*, 465 U.S. 783 (1984), applies to intentional tort claims. *Kyko Glob., Inc. v. Bhongir*, 807 F. App'x 148, 152 (3d Cir. 2020). Because Mr. Hasson's wiretapping and intrusion upon seclusion claims constitute intentional torts, the *Calder* test applies in this case. *Maser*, 2017 WL 930795, at *4.

In the Third Circuit, a plaintiff must plead that (1) the defendant committed an intentional tort, (2) the plaintiff felt the brunt of the harm in Pennsylvania, and (3) the defendant "expressly aimed" its allegedly tortious conduct at Pennsylvania. *IMO Indus.*, 155 F.3d at 265-66 (synthesizing *Calder*'s effects test).

To satisfy the third element of the *Calder* test, the plaintiff must (1) "point to specific activity indicating" that the defendant "expressly aimed" its conduct at Pennsylvania and (2) show that the defendant "knew" that plaintiff would suffer the brunt of the harm in Pennsylvania. *Id.* at 266. Where the plaintiff fails to satisfy the "expressly aiming" element under the *Calder* test, a district court does not need to consider the other two elements of the test. *Marten v. Godwin*, 499 F.3d 290, 297 (3d Cir. 2007). In analyzing the "expressly aimed" element, "the plaintiff cannot be the only link between the defendant and the forum." *Walden v. Fiore*, 571 U.S. 277, 285-86, 290-91 (2014). Other similar cases have held that a website is not expressly aimed at a forum state based only upon the plaintiff's accessing the website within his or her home state. *See, e.g.*, *Fidrych v. Marriott Int'l, Inc.*, 952 F.3d 124, 142-43 (4th Cir. 2020) (involving a website that lists the forum state as an option on a drop-down menu); *Sacco v.*

*Mouseflow, Inc.*, 2022 WL 4663361, at *5 (E.D. Cal. Sept. 30, 2022) (involving session replay software).   Likewise, other cases have held that "the foreseeability of harm being suffered in a forum is insufficient to establish personal jurisdiction under *Calder*."   *LaSala v. Marfin Popular Bank Pub. Co.*, 410 F. App'x 474, 477 (3d Cir. 2011).   Indeed, a website that is accessible worldwide does not expressly aim a defendant's conduct at the forum state.   *Remick v. Manfredy*, 238 F.3d 248, 259 (3d Cir. 2001).   Furthermore, in order to satisfy specific jurisdiction, "the contacts must give rise to—or relate to—plaintiff's claims."   *Hepp v. Facebook*, 14 F.4th 204, 207 (3d Cir. 2021).

Here, Mr. Hasson is not able to show that FullStory expressly aimed its allegedly tortious conduct at Pennsylvania.   Mr. Hasson's allegations relate to his use of the Mattress Firm website. FullStory is a software service provider for Mattress Firm, which is a Texas company.   FullStory contracted with Mattress Firm to provide its software to Mattress Firm for use on Mattress Firm's website.   FullStory did not expressly aim its software at Pennsylvania.   FullStory contracted with a Texas company to embed software on its website, and the information that was captured from Mattress Firm's website was received by Mattress Firm.   Mere operation of a website does not cause a website provider (or a third-party vendor) to expressly aim its conduct at the forum state.   Mr. Hasson has pled insufficient facts to demonstrate that FullStory expressly aimed its conduct at Pennsylvania through the Mattress Firm website.   Although Mr. Hasson argues that FullStory has other Pennsylvania clients who may be using FullStory's software, such is not enough to demonstrate that FullStory has expressly aimed its conduct at Pennsylvania for the purposes of the present case.   Such other Pennsylvania alleged website contacts are irrelevant to establish specific jurisdiction in this case as those contacts do not relate to Mr. Hasson's claims against FullStory.   The website upon which Mr. Hasson bases his claims is

Mattress Firm's, and other websites in Pennsylvania are not relevant to his claim.  FullStory does not have the requisite minimum contacts with Pennsylvania to satisfy the *Calder* test for personal jurisdiction in this case.

Consistent with our determination of no personal jurisdiction over FullStory in the present case, the District Court for the Central District of California found, in the case of *Saleh v. Nike, Inc.*, 562 F. Supp. 3d 503 (C.D. Cal. 2021), that it did not have personal jurisdiction over Defendant FullStory in a similar wiretapping case involving the Nike website, which had FullStory session replay software installed on the website.  *Id.* at 515.  The *Saleh* court applied California jurisdictional standards to find that neither FullStory nor Nike expressly aimed its software services at California.  *Id.*  Even more recently, the Southern District of California dismissed a similar case involving FullStory's session replay software for lack of personal jurisdiction.  *Mikulsky v. Noom, Inc.*, 2023 WL 4567096, at *9 (S.D. Cal. July 17, 2023).  This Court concurs with the reasoning from the *Saleh* and *Mikulsky* cases and finds that FullStory did not expressly aim its software services at Pennsylvania.  Therefore, Mr. Hasson's arguments for personal jurisdiction fail.

Furthermore, as to personal jurisdiction, notwithstanding Mr. Hasson's failure to satisfy the *Calder* test for sufficient minimum contacts, this Court further finds that were this lawsuit to proceed in the Western District of Pennsylvania, such would place an undue burden upon FullStory.  FullStory is headquartered in Georgia, and it contracted with Mattress Firm, a Texas company, for the application of FullStory's session replay software on Mattress Firm's website.  The interests of justice would not be served if FullStory were required to defend itself against this lawsuit in Pennsylvania.  Thus, Mr. Hasson fails to satisfy both personal jurisdiction criteria

for this Court to exercise personal jurisdiction over FullStory in this case.  FullStory's Motion to Dismiss for lack of personal jurisdiction will be granted.

### III.    Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction

"A court has discretion to allow discovery when considering a motion to dismiss for lack of personal jurisdiction." *In re Diisocyanates Antitrust Litig.*, 2020 WL 1140245, at *7 (W.D. Pa. Mar. 9, 2020).  "Parties are entitled to a fair opportunity to engage in jurisdictional discovery to obtain facts necessary for thorough consideration of the [jurisdiction] issue." *Id.* (internal quotations omitted).  "If a plaintiff presents factual allegations that suggest with reasonable particularity the possible existence of the requisite contacts between [the party] and the forum state, the plaintiff's right to conduct jurisdictional discovery should be sustained." *Toys "R" Us, Inc. v. Step Two*, 318 F.3d 446, 456 (3d Cir. 2003) (internal citations and quotations omitted). "Although the plaintiff bears the burden of demonstrating facts that support personal jurisdiction, . . . courts are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's claim is clearly frivolous." *Id.* (internal citations and quotations omitted).  However, jurisdictional discovery is only appropriate when a plaintiff "presents factual allegations that suggest 'with reasonable particularity' the possible existence of the requisite 'contacts between the party and the forum state.'" *Aldossari ex rel. Aldossari v. Ripp*, 49 F.4th 236, 259 (3d Cir. 2022).

Mr. Hasson argues that if he is permitted to conduct limited personal jurisdictional discovery, he will be able to bring forth facts showing that FullStory has clients in Pennsylvania. (ECF No. 33, at 4).  Mr. Hasson's Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction seeks to attain information that is already alleged within the Amended Complaint, which the Court has accepted as true.  As discussed above, such additional alleged

6

websites involving Pennsylvania contacts are irrelevant for the purposes of finding specific jurisdiction in this case as specific jurisdiction requires that the alleged contacts relate to Mr. Hasson's claims against FullStory.  The website upon which Mr. Hasson bases his claims is Mattress Firm's; other potential websites of other Pennsylvania clients are not relevant to Mr. Hasson's claims against FullStory in this case.  Mr. Hasson has not proposed that any relevant jurisdictional facts can be developed to change the ultimate conclusion that personal jurisdiction over FullStory fails in this case.  As such, Mr. Hasson's Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction will be denied.

### IV.    Leave to Amend

When a court grants a motion to dismiss, the court "must permit a curative amendment unless such an amendment would be inequitable or futile." *Great W. Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 174 (3d Cir. 2010) (internal quotations omitted).  Further, amendment is inequitable where there is "undue delay, bad faith, dilatory motive, [or] unfair prejudice." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).  Courts have found that amendment would be futile where the court lacks personal jurisdiction over the defendant.  *See Kennedy v. Help at Home,* LLC, 731 F. App'x 105, 108 (3d Cir. 2018).

In this case, leave to amend will be denied.  The Court does not have personal jurisdiction in this case and will not grant Mr. Hasson's Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction, as such would only search for irrelevant facts.  As discussed above, this Court has no personal jurisdiction over FullStory in Pennsylvania for the purposes of the present case.  Absent personal jurisdiction, there is no basis upon which Mr. Hasson can state a claim over FullStory in Pennsylvania.  Thus, amendment would be futile, and the case will be dismissed.

V.      **Conclusion**

FullStory's 12(b)(2) Motion to Dismiss will be granted, and Mr. Hasson will not be permitted leave to amend his claims.  FullStory's 12(b)(6) Motion to Dismiss will be denied as moot.  Furthermore, Mr. Hasson's Motion for Leave to Conduct Discovery Limited to the Issue of Personal Jurisdiction will be denied.  The case will be dismissed.  A separate Order to follow.

DATE: July 25, 2023

Marilyn J. Horan
United States District Judge